STATE of Tennessee, Appellee,

v.

Peter ROODE, Appellant.

Supreme Court of Tennessee,
at Nashville.

Nov. 22, 1982.

William Redick, Jr., Lionel R. Barrett, Jr., Nashville, for appellant.

Tennessee Ass'n of Crim. Defense Lawyers filed amicus curiae brief.

John C. Zimmermann, David M. Himmelreich, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for appellee.

## OPINION

COOPER, Justice.

This appeal is from a judgment of the Court of Criminal Appeals affirming appellant's conviction of possession of marijuana with intent to sell. In the trial court, appellant sought to suppress evidence seized by police officers in a raid on appellant's farm. When the motion to suppress was denied, appellant plead guilty to the indictment charging him with possession of marijuana with intent to resell, but reserved the right to test, on appeal, the legality of the officers' actions which culminated in the seizure of marijuana on the farm owned by appellant. On his plea of guilty, appellant was sentenced to serve not less than two nor more than three years in the state penitentiary, and was fined $3,000.00. Appellant insists his conviction was predicated on evidence secured through an unconstitutional aerial surveillance and a subsequent warrantless invasion of appellant's farm. We granted the application to appeal to consider appellant's contentions, and the conclusion of the Court of Criminal Appeals that the actions of the officers were proper under the circumstances.

The record shows that on October 10, 1979, Lt. Mike Dover of the Tennessee Highway Patrol was directed to fly a Bell two-place helicopter from Nashville to Chattanooga and to assist the Tennessee Department of Transportation in taking aerial photographs needed for a state road project. Lt. Dover flew the southern "federal designated airway" from Nashville to Chattanooga. On his return trip to Nashville, Lt. Dover flew the northern "federal designated airway." Due to strong headwinds at higher altitudes, the return trip was made at a height of approximately 200 feet and at a ground speed of approximately 72 miles per hour.

On the return trip, Officer Dover's attention was focused to the ground by sunlight reflecting from fertilizer bags. As he passed over the site where the bags were located, he saw several acres of growing marijuana plants. He also observed an orange vehicle, which he thought to be a 4-wheel Scout, and two men working in the field. The men ran from the field and got into the orange vehicle. Officer Dover went to an altitude of approximately 7,000 feet and flew over the field a second time. On this trip, he observed that the orange vehicle had not left the premises.

Dover, who was alone in the helicopter and low on fuel, continued his trip to Nashville where he secured a larger helicopter to transport himself and other state officers stationed in Nashville to the location of the marijuana fields. Dover also contacted ground units of the Tennessee Highway Patrol and the sheriff of Cannon County and asked them to assist in apprehending the men cultivating the marijuana. While Dover was able to find the farm from the air, he could not locate the farm on the ground. Consequently, he could not direct the ground units to the farm, but could only direct them toward the general area where the farm was located.

On relocating the farm on the return trip, Dover saw the orange vehicle standing between two fields of marijuana and landed officers near it. Dover then flew over a ridge and observed people running from a second field of marijuana. Dover did not land the helicopter in this field but "hovered" sufficiently close to the ground to allow an officer to leave the helicopter in pursuit of those running from the marijuana field. The officers remaining in the helicopter were landed near a barn and house on the farm. These latter officers arrested appellant as he came out of a house, which was visibly being used as a drying shed for marijuana. The officers also noticed smoke coming from a barn near the house. On entry, they found the barn was filled with marijuana and that a fire had been set. The officers were able to extinguish the fire before it did major damage to the barn.

While these activities were taking place, Dover made radio contact with the Cannon County Sheriff and state patrolmen. At their request, Dover went airborne to locate them and to lead them to the farm. On reaching the farm, which was fenced and posted against trespassers, the officers in the ground units gained admittance by removing a locked gate from its hinges. These officers then joined the officers landed from the helicopter in securing the premises and in taking custody of the marijuana and personal property used in cultivating, curing, and storing of the dried plants.

Appellant moved to suppress evidence seized on his farm on the ground that the initial helicopter overflight violated appellant's constitutionally protected reasonable expectation of privacy. Appellant also insists that if the initial overflight was proper, the officers did not have authority to subsequently invade the farm without a warrant. On the other hand, the State insists that under the facts of this case, the aerial overflights did not constitute a search within the meaning of the Fourth Amendment to the Constitution of the United States or Article I, Section 7 of the Tennessee Constitution.

■ *Katz v. United States,* 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967) establishes the principle that official intrusions into matters or activities in which an individual exhibited a "reasonable expecta-

tion of privacy" are searches within the meaning of the Fourth Amendment to the Constitution of the United States. A "reasonable" expectation of privacy is something more than a subjective expectation. It must be an expectation that "society is prepared to recognize as 'reasonable.'" Harlan, J., concurring in *Katz v. United States,* 389 U.S. 347, 361, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967). And, as noted in *Dean v. Superior Court for County of Nevada,* 35 Cal.App.3d 112, 117, 110 Cal.Rptr. 585, 589 (1973) "mankind's common habits in the use of domestic and business property supply a prime measure of the reasonableness of expectations of privacy."

In *People v. Saint Amour,* 104 Cal.App.3d 886, 163 Cal.Rptr. 187 (1980), county officers conducted an aerial surveillance for marijuana gardens, and located one on the property of the defendant. In upholding the aerial surveillance, the court points out at page 891, 163 Cal.Rptr. 187 that:

> While the constitutional privilege of protecting one's privacy covers not only the ground, but may extend also into the airspace, it is absolutely essential that the person affected exhibit a reasonable expectation (as opposed to mere subjective, personal desire) that the activity in question be so protected. The reasonable expectation to protect the airspace overlying the land, however, cannot be demonstrated by measures taken to defend the land from earthly intrusions (e.g., by setting up a roadblock, trespass signs or by hiding the area or activity from ground observations). Rather the individual seeking constitutional safeguards must show that the land is used in accordance with the common habits of people engaged in the cultivation of agricultural land who exhibit an expectation of privacy with respect to the pursuit in question.

There is nothing in the record of this case to indicate that farmers generally expect their cultivated fields to be concealed from aerial view, and common knowledge is to the contrary. *See State v. Layne,* Tenn.Cr.

App., 623 S.W.2d 629 (1981); *People v. Saint Armour,* 104 Cal.App.3d 886, 163 Cal. Rptr. 187 (1980); *State v. Stachler,* 58 Haw. 412, 570 P.2d 1323 (1977). *See also Dean v. Superior Court supra,* wherein it is pointed out at pages 117–18, 110 Cal.Rptr. 585 that:

> One who establishes a three-quarter-acre tract of cultivation surrounded by forests exhibits no reasonable expectation of immunity from overflight. The contraband character of his crop doubtless arouses an internal, uncommunicated need for secrecy; the need is not exhibited, entirely subjective, highly personalized, and not consistent with the common habits of mankind in the use of agricultural and woodland areas. Aside from an uncommunicated need to hide his clandestine activity, the occupant exhibits no reasonable expectation of privacy consistent with the common habits of persons engaged in agriculture.

■ Further, there is nothing in the record to indicate that appellant had a reasonable expectation of immunity from overflight. While appellant's farm is located in a remote section of Cannon County, it lies near a federally designated flight path. Lt. Dover was attempting to follow this flight path in returning to his home base in Nashville, when he saw the fields of marijuana under cultivation. Lt. Dover was in a place where he had a right to be when he observed criminal activity, clearly recognizable as such, on the property of appellant. This being so, his aerial observation did not constitute a "search" as contemplated by the Fourth Amendment of the United States Constitution and Article I, Section 7 of the Tennessee Constitution. *See State v. Layne, supra.*

■ Issue is made by appellant of the fact that Lt. Dover did not attempt to secure a search warrant before returning to and landing on appellant's farm. Appellant insists that Lt. Dover had time[1] within which to get a warrant and that he could have had local officers secure the roads leading to the farm for the time it would

---

1. The elapsed time between the original sighting of the marijuana fields and the return of the officers to the farm was approximately one hour and forty-three minutes.

take him to secure the warrant. These arguments overlook the fact that after the aerial observation, Lt. Dover was unable to locate the farm on the ground with the particularity needed for a search warrant. Neither was he able to pinpoint the location of the farm with sufficient particularity to direct officers on the ground to the farm. In short, no realistic opportunity existed for Lt. Dover to secure a search warrant before returning to the farm. Dover's only alternative under the circumstances was to again locate the farm from the air. This he undertook to do. On arriving at the farm, he and the other officers in the helicopter saw the fields of marijuana under cultivation, and also saw men running from the fields. The growing of marijuana in the quantity present in this case is a felony. Tenn.Code Ann. § 52–1432(a)(1)(F). Having observed a felony being committed, the officers were justified in descending to the ground to arrest appellant and others on the premises engaged in growing and processing the marijuana and in seizing the contraband. *See* Tenn.Code Ann. § 40–803; *State v. Layne,* Tenn.Cr.App., 623 S.W.2d 629 (1981).

Judgment affirmed. Costs incident to the appeal are adjudged against appellant and his surety, if any.

HARBISON, C.J., and FONES and DROWOTA, JJ., concur.

BROCK, J., dissents.