REID, Justice, dissenting.
I dissent because the majority’s decision represents a further erosion of constitutional protection against unreasonable searches and seizures. I would .find that the investigative stop in this ease violates the Fourth Amendment to the Constitution of the United States and Article I, Section 7 of the Constitution of Tennessee, and reverse the conviction.
In State v. Pulley, 863 S.W.2d 29 (Tenn.1993), this Court, following Terry v. State, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), found that an investigative stop by police officers was not constitutionally unreasonable under certain limited circumstances. The Court in Pulley held: “Thus, the Fourth Amendment permits an investigative stop based on the corroborated tip of an informant in circumstances involving an immediate threat of danger.” State v. Pulley, 863 S.W.2d at 31. The Court further stated: “The whole [United States Supreme] Court thus recognized [in Terry ] that the seriousness of the criminal threat is an important factor in determining the reasonableness of a police response and the reliability required of an informant’s tip. Id. at 33. After reviewing decisions from other states which had applied the Terry holding, this Court stated further: “These cases show that the gravity of the perceived harm is a crucial element in assessing the reasonableness of an investigative Terry stop.” Id. Because the informant’s tip in this case contains no threat of imminent danger or other exigent circumstances requiring immediate action by the police officer, it does not justify an investigative stop under Terry and Pulley. Therefore, I would hold the investigative stop was not justified. See State v. Yeargan, 958 S.W.2d 626 at - (Tenn.1997) (Reid, J., concurring) [slip op. at 25-27]; State v. Bridges, 963 S.W.2d 487, 501 (Tenn.1997) (Reid, J., concurring and dissenting).
*785 Even if we assume that Yeargan and Bridges, and now the decision in this case, permit an investigative stop where there is reasonable suspicion that an offense not involving an imminent danger or other exigent circumstance is being committed, the stop in this case violates the constitutional prohibitions against unreasonable searches. Where, as in this case, the suspicion is based on an informant’s tip, there must be corroboration of the informant’s credibility and corroboration of the informant’s basis of knowledge. State v. Pulley, 863 S.W.2d at 31; majority opinion at 781. The majority’s struggle to find any corroboration of the informant’s tip in this case was patently unsuccessful.
The majority finds that the informant’s credibility was established by the officer’s “preexisting relationship” with the informant and “independent police corroboration of the facts predicting the defendant’s future behavior.” Majority opinion at 782. The record does not show the nature or extent of the preexisting relationship between the officer and the informant. It does not show that the informant previously had supplied reliable information to the officer. It shows only that the informant was, in the officer’s conclusive language, a “confidential informant.” There is in the record no objective fact indicating credibility. The fact that the informant was a convicted felon militates against a finding that he was a reliable informant.
The majority’s finding of independent police corroboration is equally illusory. The “corroboration” relied upon was the description of the vehicle in which the defendant was travelling, that the vehicle was travel-ling on Highway 64 towards Selmer and that it would arrive at Selmer “any minute.” From this, the majority finds that “the informant’s statement predicted the defendant’s future behavior.” On this point, the majority relies upon Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), which does not support their position. In that ease an officer of the Montgomery, Alabama Police Department received a telephone tip that the defendant White would be leaving a particular address at a particular time in a particular vehicle and would arrive at a particular destination. The informant told the officer that White would be in possession of an ounce of cocaine in a brown attache case. Thereafter, the officers proceeded to the departure address where they observed the described vehicle in the parking lot. They observed White leave the building, get in the vehicle, and drive the most direct route towards the destination the informant had stated. When stopped short of that destination, she consented to a search. The officers found marijuana in the described brown attache case, and, while being processed at the police station after her arrest, the officers found three milligrams of cocaine in her purse. The court upheld the stop and subsequent search in that case, based on the independent corroboration by the police of significant aspects of the informant’s predictions. Conceding that it was a close case, the Supreme Court noted that the tip “contained a range of details relating not just to easily obtained facts and conditions existing at the time of the tip, but to future actions of third parties ordinarily not easily predicted.” Id. at 332, 110 S.Ct. at 2417 (quoting Illinois v. Gates, 462 U.S. 213, 245, 103 S.Ct. 2317, 2335-36, 76 L.Ed.2d 527 (1983)). The court in White placed special significance on the informant’s ability to predict the defendant’s future behavior.
[I]t demonstrated inside information — a special familiarity with' respondent’s affairs. The general public would have had no way of knowing that respondent would shortly leave the building, get in the described ear, and drive the most direct route to Dobey’s Motel. Because only a small number of people are generally privy to an individual’s itinerary, it is reasonable for police to believe that a person with access to such information is likely to also have access to reliable information about that individual’s illegal activities.... When significant aspects of the caller’s predictions were verified, there was reason to believe not only that the caller was honest, but also that he was well informed, at least well enough to justify the stop.

Id.

The tip relied upon in the instant case demonstrated no “inside information” and gave no indication that the informant was *786 honest or well informed about the defendant’s affairs. The facts relied upon, an identified automobile proceeding along Highway 64 approaching Selmer, demonstrates no knowledge not equally available to dozens of other persons. Consequently, it provides no support for the majority’s finding that the informant was credible.
The record contains no evidence for the finding that the informant’s information was reliable, the second prong of the test to determine if the officer had reasonable suspicion. The majority acknowledges that the informant did not disclose to the officer the basis of his tip, but the majority, somewhat incredibly, finds that the tip that the automobile in which the defendant was riding would arrive in Selmer “any minute” and that the automobile did in fact arrive in Selmer indicates that the informant was an “eyewitness.” An eyewitness to what? That the automobile was legally preceding along Highway 64? Certainly. That the defendant was in possession of illegal drugs? Hardly! A basis of knowledge cannot be inferred from the corroboration of facts related only to innocent activity or matters open and obvious to anyone. State v. Bridges, 968 S.W.2d at 487, 500 (Reid, J., concurring and dissenting).
The facts of this case closely parallel those in State v. Coleman, 791 S.W.2d 504 (Tenn.Cr.App.1989), in which the Court of Criminal Appeals found the investigative stop was illegal. In Coleman, an officer of the Robertson County Drug Task Force received a tip from an informant whom he had previously arrested and from whom he had never obtained confidential information in any police investigation. The informant told the officer that between 2 p.m. and 2:30 p.m. on August 10, 1988, a white female, 25 to 35 years old, with the first name of “Carla,” would be driving an older model black Monte Carlo travelling from Davidson County to Robertson County on Highway 431 South and that she would proceed to a location on Washington Road. According to the informant, “Carla” was in possession of several pounds of marijuana. There was no verification of the credibility of the informant or the reliability of the information provided. The only independently corroborated fact was that the ear was registered to Carla Coleman, which the Court found was insufficient to justify the stop. In Pulley, this Court specifically approved the holding in Coleman that,
while further independent corroboration may generally make up any deficiencies in an informant’s tip, neither the informant’s reliability nor his basis for knowledge was sufficiently substantiated in this case to establish the necessary “reasonable and articulable suspicion” required by our state constitution.
State v. Pulley, 863 S.W.2d at 31-32 (quoting State v. Coleman, 791 S.W.2d at 507).
Similarly, in the case before the Court, a tip from an informant of unproved reliability that a woman named Grapel “Simpson would be driving a cream colored Oldsmobile on Highway 64 from Memphis to Selmer are not grounds for reasonable suspicion that an offense was being committed.
The defendant contends further that even if the stop was justified, there was no legal basis for the search which disclosed possession of illegal drugs. Necessary deference to the finder of fact forecloses reconsideration of the conclusion that the defendant consented to the search. Tenn. R.App. P. 13(e). However, the circumstances of this case dramatically demonstrate the “danger of false reports, through police fabrication or from vindictive or unreliable informants.” See State v. Pulley, 863 S.W.2d at 31. The majority decision permits the body search of an innocent citizen on the side of a major highway in full view of the travelling public upon the uncorroborated snitch of a convicted felon. Surely, the decision is inimical to Article I, Section 7 of the Constitution of Tennessee, which declares' “the people shall be secure in their persons, houses, papers, and possessions, from unreasonable searches and seizures.”
I would hold the stop invalid and reverse the conviction.