# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
April 25, 2007 Session

## STATE OF TENNESSEE v. MARON DONTE BROWN

**Direct Appeal from the Criminal Court for Bradley County**
**No. 02-009     R. Steven Bebb, Judge**

---

**No. E2006-01038-CCA-R3-CD - Filed March 31, 2008**

---

Smith, Jerry L., Judge, dissenting

I believe Appellant in this case gave a valid consent for Trooper Hoppe to conduct a general search of Appellant's car. I am also in agreement that in doing so Appellant consented for Hoppe to "at least touch items, including locked or sealed packages, contained within the vehicle." However, the majority notes and rightfully so that this consent did not extend to tearing open a sealed package within the car. The majority sanctions Hoppe's having done so on the basis of his testimony that he was trained in drug interdiction and that upon feeling a closed, heavily-taped cardboard or pasteboard box he was able to immediately recognize the contents as a "brick" of cocaine. With this last crucial bit of information along with the other circumstances of the stop, the majority concludes Hoppe had probable cause to open the package and discover the cocaine within.[1]

Without saying so in its opinion, the majority is basing its decision on the so-called "plain feel" doctrine announced in the United States Supreme Court case of *Minnesota v. Dickerson*, 508 U.S. 366 (1993). In *Dickerson* the Court held that if in doing a protective pat down of the outside of a person's clothing during a valid investigative detention an officer "feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context."[2] *Dickerson*, 508 U.S. 375-76.

---

[1] Presumably, the majority believes there was insufficient probable cause to open the package until Hoppe felt it because until that point in the recitation of events leading to opening the package, the majority's analysis of the search was that of a consent search, rather than one based on probable cause.

[2] The "plain-view" doctrine allows police to constitutionally make warrantless seizures of contraband that officers see in plain view. *See Coolidge v. New Hampshire*, 403 U.S. 443 (1971).

In the case of *State v. Bridges*, 963 S.W.2d 487 (Tenn. 1997) our state supreme court was faced with the situation of a valid weapons pat down of the defendant revealing the presence of a pill bottle in which, when opened, cocaine was discovered. The officer in *Bridges* testified as follows:

> For my protection I immediately identified myself and frisked Bridges for weapons. *When I touched his right jacket pocket I immediately recognized a pill bottle, in that pocket, that is used by the majority of crack dealers to hold their crack cocaine.* I continued the frisk and found a knife in Bridges' [sic] back pocket. The pill bottle contained crack cocaine. I charged him and also found a small bag of crack cocaine in the same pocket.

963 S.W.2d at 495

The supreme court first noted that, "[c]ourts should not surrender their common sense assessment of the sensory capabilities of human touch to an officer's assertion that he or she 'immediately knew' the nature of the object touched." *Id*. at 494. The court ordered suppression of the cocaine in the pill bottle stating:

> While Officer Blackwell said that he "immediately recognized" the item as a pill bottle, unless he was clairvoyant, he could not have discerned the contents from merely touching the container. Such a bottle, or one resembling it by touch, may enclose legal medication, candy, pins, film or any number of other small items.

*Id*. at 495.

In this case, I do not understand, based on the record before us, how Trooper Hoppe could have immediately recognized from feeling the outside of a closed, heavily-taped pasteboard or cardboard box that the brick-like object in the box was necessarily cocaine rather than a fruitcake or a block of cheese.[3] Had Trooper Hoppe offered testimony as to the objective basis upon which he relied in determining simply by feel that the box contained cocaine, my opinion might be different. However, given the lack of such testimony, I am not willing to accept the proposition that the sensory capabilities of human touch have evolved to the point where even trained police officers

---

[3] Compare cases where the officer actually felt the contraband itself or felt the contraband through packaging that did not conceal the contents' nature, *e.g.*, *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994) (bulges of heroine packages around defendant's ankles); *United States v. Hughes*, 15 F.3d 798, 802 (8th Cir. 1994) ("small lumps" of crack cocaine); *State v. Trine*, 673 A.2d 1098, 1111 (Conn. 1996) (rock of cocaine in pocket); *People v. Mitchell*, 650 N.E.2d 1014, 1024 (Ill. 1995) (piece of "rock" cocaine inside baggie); *State v. Wilson*, 437 S.E.2d 387, 389 (N.C. Ct. App. 1993) ("lumps" in package in breast pocket); *Commonwealth v. Dorsey*, 654 A.2d 1086, 1087 (Pa. Super. Ct. 1995) ("lump" in plastic bag); *State v. Buchanan*, 504 N.W.2d 400, 404 (Wis. Ct. App. 1993) (plastic bag containing cocaine in waistband).

can immediately recognize that a sealed, heavily-taped box, such as the one in this case, necessarily contains cocaine.[4]

Conclusion

For the reasons stated above I believe the State failed to establish probable cause justifying the opening of the sealed package in Appellant's car, and that tearing it open in the absence of probable cause exceeded the scope of Appellant's consent to search. I would suppress the evidence discovered by tearing open the package. Therefore, I dissent.

_____
JERRY L. SM ITH, JUDGE

---

[4] I do not dispute that packages such as the one in this case are often used to transport narcotics. But that is not the issue. Rather the issue is whether through mere touch the officer recognized that this particular package contained cocaine.