# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs March 28, 2012

## STATE OF TENNESSEE v. BENJAMIN E. BARLOW

**Direct Appeal from the Criminal Court for Hamblen County**
**No. 11CR012      John Dugger, Jr., Judge**

---

**No. E2011-01573-CCA-R3-CD - Filed September 25, 2012**

---

Defendant, Benjamin E. Barlow, pled guilty in the Criminal Court of Hamblen County to Driving Under the Influence of an Intoxicant (DUI), 1st offense, properly reserving for appeal a certified question of law pursuant to Tennessee Rules of Criminal Procedure 37(b)(2)(A).  The certified question is "[d]id the officer have specific and objective facts on which to have reasonable suspicion that the defendant was engaged or had engaged in any criminal activity to warrant a traffic stop of defendant's vehicle."  After a thorough review of the record and the briefs we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the  court, in which JOSEPH M. TIPTON, PJ., and CAMILLE R. MCMULLEN, J., joined.

Greg W. Eichelman, District Public Defender; and Deanna Snyder, Assistant Public Defender, Morristown, Tennessee, for the appellant, Benjamin E. Barlow.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; and Victor Vaughn, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

### I. Background

After he was indicted, Defendant filed a motion to suppress all evidence against him claiming an unconstitutional stop and seizure of Defendant by Morristown Police Officer Brad Rice at approximately 2:00 a.m. on November 30, 2010.  Officer Rice testified as

follows. Prior to the stop, Officer Rice was on patrol and was stopped at a red light while in the eastbound lane of West Andrew Johnson Highway at its intersection with Central Church. He observed Defendant's vehicle, which was traveling westbound on West Andrew Johnson Highway, come to an "abrupt" stop at the red light. The traffic control light "had been red for some time" for the traffic on West Andrew Johnson Highway prior to Defendant's "abrupt sudden stop." No other vehicles were near Defendant's car. Officer Rice explained the "abrupt sudden stop" by stating that Defendant "comes all the way to the red light and then stops . . . . A very abrupt stop at the red light." This driving behavior by Defendant caught Officer Rice's attention, and the officer decided to further observe Defendant.

Defendant drove into the nearby parking lot of a Pilot gas station and stopped his vehicle at a place away from the store. Defendant's vehicle remained there approximately a minute and then re-entered West Andrew Johnson Highway "at a very high rate of speed" westbound on West Andrew Johnson Highway, and drove that road until he turned down South Sugar Hollow Road, still at a very high rate of speed. Defendant finally stopped by pulling into the driveway of a closed concrete plant, the entrance to which was gated and locked. Officer Rice had been following Defendant "trying to catch up with the vehicle to just get a tag or some type of information like that off the vehicle." The officer did not activate the blue lights on his patrol car until he pulled up to Defendant's vehicle where it was already stopped at the concrete plant.

Officer Rice was told by Defendant that he had stopped at the Pilot gas station parking lot and at the concrete plant in order to send text messages on his phone.

Defendant, a bartender, testified that he got off work at the Ruby Tuesdays restaurant in Morristown between 12:30 a.m. and 1:00 a.m. He stayed at the restaurant for a little while, and left for his home in Dandridge between 1:30 a.m. and 2:00 a.m. He pulled over twice to send text messages. He did not notice any police officer in the area of the Pilot gas station, and did not notice any car behind him when he was driving down Sugar Hollow Road. Defendant testified that he was driving "[j]ust usual speed, nothing excessive."

The trial court made detailed findings of fact at the conclusion of the suppression hearing. Specifically, the court found that Defendant came to an "abrupt stop" at the red light, as "identified and stated" by Officer Rice. After stopping in the Pilot gas station parking lot for a brief period of time, Defendant's vehicle left "at a high rate of speed." Officer Rice followed Defendant's vehicle until he finally caught up to it where Defendant had stopped at approximately 2:00 a.m. at the entrance area of a concrete plant, which was closed for business. The trial court made the following ruling:

Based on everything, the observations of the officer including the driving, the abrupt stop, and then the high rate of speed and then the vehicle sitting at a closed business at 2 o'clock in the morning, the officer had specific and articulable facts that criminal activity could be afoot and that he had reasonable suspicions to make a stop, an investigatory stop.

## II. Analysis

In support of his argument that Officer Rice lacked reasonable suspicion of criminal activity based upon specific and articulable facts to justify the seizure of Defendant, Defendant relies upon this Court's opinion in *State v. Ricky Frazier*, No. W1999-017800-CCA-R3-CD, 1999 WL 1499649 (Tenn. Crim. App. Dec. 28, 1999). Defendant focuses his argument on the facts that stopping briefly at the Pilot station and the closed concrete plant was not enough to form a reasonable suspicion of criminal activity. One exception to the rule that searches must be done pursuant to a warrant is the brief investigatory stop. A police officer may stop a person based upon specific and articulable facts giving rise to the reasonable suspicion that a crime has been, is being, or will likely be committed. *State v. Keith*, 978 S.W.2d 861, 866 (Tenn. 1998) (citing *Terry v. Ohio*, 392 U.S. 1 (1986)).

In *Ricky Frazier* the facts which led to the defendant being pulled over are recited in the opinion as follows:

> Some time after 10:00 p.m. on May 27, 1997, Chester County Sheriff's Deputy Steve Davidson witnessed a vehicle traveling slowly through a parking lot of a used furniture store. Deputy Davidson noticed that the store, located next to a major state highway, was closed for the evening. He then saw the car drive onto the highway and proceed down the road in the opposite direction of his own car. Deputy Davidson turned around, activated his siren and emergency lights, and stopped the vehicle.
>
> * * *
>
> . . . . Deputy Davidson testified that he stopped the defendant because (1) the parking lot was adjacent to a store which had a history of burglaries, (2) the defendant was driving slowly, and (3) the store was closed.

*Id*., at *1.

This Court reversed the conviction and held that the trial court erred by not granting the defendant's motion to suppress all evidence obtained in his DUI case based upon an

-3-

unconstitutional stop. In doing so, the Court in *Ricky Frazier* held that the stated reasons for stopping the defendant's car were not sufficient to reasonably justify suspicion of criminal activity. *Id*., at *3. Specifically, the defendant's presence in a high crime area was not sufficient to conclude he was or was about to engage in criminal conduct, and neither was driving slowly in a public parking lot located next to a major highway, even when the business adjacent to the parking lot was closed. *Id*.

In *State v. Garcia*, 123 S.W.3d 335 (Tenn. 2003) our supreme court stated the following concerning this issue,

> Determining whether reasonable suspicion existed in a particular traffic stop is a fact-intensive and objective analysis. The United State[s] Supreme Court has stated that "[i]n determining whether a police officer's reasonable suspicion is supported by specific and articulable facts, a court must consider the totality of the circumstances." *Alabama v. White*, 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) (citing *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *see also State v. Bridges*, 963 S.W.2d 487, 492 (Tenn. 1997).

*Garcia*, 123 S.W.3d at 344.

*Ricky Frazier* is distinguishable. Other than going slowly, no mention was made in that case of the defendant's driving. In the case *sub judice* Defendant first caught the attention of the police officer by approaching a traffic control light that had been "red" for Defendant's lane of traffic "for some time," without slowing down, which required Defendant to "come all the way to the red light and then stop . . . . A very abrupt stop at the red light." After briefly stopping his vehicle in the parking lot for a Pilot gas station, Defendant re-entered the highway and traveled "at a very high rate of speed" before again making another stop, this time at the entranceway to a closed concrete plant, shortly after 2:00 a.m. Considering the totality of the circumstances, we find no error in the trial court's decision to deny the motion to suppress. Defendant is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-4-