# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### October 4, 2016 Session

## STATE OF TENNESSEE v. CHRISTOPHER DOUGLAS SMITH

**Appeal from the Circuit Court for Carroll County**
**No. 15-CR-78          Donald E. Parish, Judge**
_____

**No. W2015-01826-CCA-R10-CD  -  Filed March 14, 2017**
_____

CAMILLE R. MCMULLEN, J., dissenting.

I must respectfully dissent from the majority in this case. This court granted the State's request for extraordinary review pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. In this Rule 10 appeal, we permitted review of the following certified question: "Did the trial court abuse its discretion in excluding the evidence seized from the defendant after a warrantless arrest that was supported by probable cause?" In reversing the trial court, the majority relies on information from the confidential informant contained in the search warrant in support of the Defendant's warrantless arrest. In my view, the majority has recast the certified question to whether the confidential informant's tip provided sufficient probable cause to arrest the Defendant, which was not addressed by the trial court. In fact, at the suppression hearing, the trial court specifically inquired whether the defense was challenging the search warrant, to which defense counsel replied, "not at this time." Therefore, I do not believe this issue is properly before this court. Even if it was, the confidential informant's reliability was minimally established, and his basis of knowledge was unsatisfactory. There was nothing in the record that established how the confidential informant knew that the Defendant had drugs on his person. In order to remedy this deficiency, the officer did not independently observe any criminal activity to corroborate the confidential informant's information prior to the Defendant's arrest. See State v. Bridges, 963 S.W.2d 487, 491-92 (Tenn. 1997). Here, the officer observed the Defendant leaning into the window of a car talking to two people, one of whom was "known for drugs." There was nothing in the record to establish that this individual had a criminal record, and this court has repeatedly struck down affiliation with suspected criminals as a basis for an officer's reasonable suspicion for a stop. See Tenn. Const. art. I, § 7 (requiring "particular[ized]" evidence with respect to "named" individuals); State v.

Richards, 286 S.W.3d 873, 880 (Tenn. 2009) (noting that probable cause does not attach to groups); T.C.A. § 40-6-103 (providing that probable cause requires information "naming or describing the person . . . to be searched").

I also disagree that the drugs seized from the Defendant's pocket would have been admissible pursuant to the inevitable discovery rule. There is no question in my mind that this Defendant was unlawfully detained. The officer candidly admitted that when he saw the Defendant standing in the parking lot, the officer immediately approached the Defendant and handcuffed him. The officer told the Defendant that he was not under arrest, but the Defendant was not free to leave. The officer patted down the Defendant and did not feel anything consistent with a weapon. Prior to handcuffing the Defendant, the officer had not observed the Defendant engaged in any criminal activity whatsoever. The officer left the Defendant in handcuffs with other officers and expanded his investigation to a nearby store, where the Defendant's girlfriend was located. The girlfriend then provided the officers with probable cause to support her arrest, because she admitted possession of the drugs found in her purse and her car. In my view, whether the evidence found on the Defendant's person would have been inevitably discovered is untenable, because, had the Defendant not been unlawfully detained, there is absolutely nothing that would have prevented him from simply walking away after the initial search by the police. For these reasons, I would have affirmed the decision of the trial court, which suppressed only the contraband recovered from the Defendant's person.

_____
CAMILLE R. McMULLEN, JUDGE