IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2003

## STATE OF TENNESSEE v. EDWARD D. HANEY

**Direct Appeal from the Circuit Court for Cocke County**
**No. 8633     Ben W. Hooper, II, Judge**

---

**No. E2002-02189-CCA-R3-CD**
**September 2, 2003**

---

The State appeals the trial court's suppression of twenty-five rocks of cocaine seized from the defendant. Because the trial court "did not feel comfortable" in elaborating the reason why the evidence should be suppressed, we remand for the trial court to make findings of fact and conclusions of law.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; and James B. Dunn, Assistant District Attorney General, for the appellant, State of Tennessee.

Edward C. Miller, District Public Defender, for the appellee, Edward D. Haney.

### OPINION

The State contends that the trial court erred by suppressing the cocaine seized from the defendant, Edward D. Haney, pursuant to a lawful search incident to arrest. The defendant was indicted by the Cocke County Grand Jury for possession of cocaine in excess of .5 grams with the intent to sell; possession of cocaine in excess of .5 grams with the intent to deliver; and unlawfully driving with a suspended, cancelled, or revoked driver's license. On June 17, 2002, the defendant filed a motion to suppress the cocaine seized from his person, arguing that it was the product of an unlawful search. The trial court conducted a hearing on June 27, 2002, and reserved ruling on the suppression of the cocaine upon the submission of case law by both parties. On September 4, 2002, the trial court entered an order suppressing the cocaine seized from the defendant.

## Facts

On June 9, 2001, Newport Police Officer James Roach, Jr., observed the defendant's vehicle parked in the middle of a highway. Officer Roach activated his blue lights and approached the vehicle. Officer Roach recognized the defendant as he approached the vehicle and knew from prior instances that the defendant did not have a drivers' license. When asked by Officer Roach for his drivers' license, the defendant admitted that he did not have one. After contacting dispatch, Officer Roach confirmed that the defendant's license had been revoked. Officer Roach then asked the defendant to step out of the car so that he could arrest the defendant. The defendant placed his hands on the vehicle and was searched. Officer Roach felt a round object in the defendant's left pocket and found that it was a pill bottle containing twenty-five rocks of cocaine.

At the suppression hearing, the trial court stated that it concluded the "evidence that was seized from Mr. Haney must be suppressed." The trial court further stated, "I don't feel comfortable in elaborating upon my reasoning behind that but I just felt that under the authority that I did review that it was a proper case to suppress the evidence."

## Analysis

When reviewing a trial court's ruling on a motion to suppress, "questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). We afford to the prevailing party in the trial court the strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence. The findings of a trial court in a suppression hearing will be upheld unless the evidence preponderates against those findings. Id. The application of the law to the facts found by the trial court, however, is a question of law which this Court reviews *de novo*. State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997). We will uphold the trial court's analysis unless the evidence preponderates against it and will review *de novo* the application of the law to the facts.

The issue of the officer's right to stop the defendant must be resolved before any other questions are reached. It is well-settled law that a police officer may make an investigatory stop when the officer has a reasonable suspicion that "criminal activity may be afoot." Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884, 20 L. Ed. 2d 889 (1968); see also State v. Bridges, 963 S.W.2d 487, 492 (Tenn. 1997). Officers are to issue citations to drivers committing minor traffic infractions, rather than continuing to hold them in custody. Tenn. Code Ann. § 40-7-118(b)(1). However, an officer may not issue a citation to a person where "there is reasonable likelihood that the offense would continue . . . ." Tenn. Code Ann. § 40-7-118(c)(2).

Under the Tennessee and United States Constitutions, a search or seizure conducted without a warrant is presumed unreasonable. See Coolidge v. New Hampshire, 403 U.S. 443, 454-55 (1971); State v. Simpson, 968 S.W.2d 776, 779 (Tenn. 1998). Therefore, evidence seized as a result of search or seizure conducted without a warrant must be suppressed unless the State proves by a

preponderance of the evidence that the search or seizure was reasonable under the United States and Tennessee Constitutions. See Coolidge, 403 U.S. at 454-55; Simpson, 968 S.W.2d at 780. Evidence discovered as a result of a warrantless search is subject to suppression unless the State is able to demonstrate that the search or seizure was carried out pursuant to one of the narrowly defined exceptions to the requirement that the police first obtain a warrant. See State v. Bridges, 963 S.W.2d 487, 490 (Tenn. 1997) (citing Coolidge v. New Hampshire, 403 U.S. 443, 454-55, 91 S. Ct. 2022, 2032, 29 L. Ed. 2d 564 (1971)). A warrantless search incident to a lawful arrest is one of those narrowly defined exceptions. See State v. Watkins, 827 S.W.2d 293, 295-96 (Tenn. 1992) (citing New York v. Belton, 453 U.S. 454, 460, 101 S. Ct. 2860, 2864, 69 L. Ed. 2d 768 (1981). Police are permitted to search the body of the person arrested, as well as the immediately surrounding area. See Chimel v. California, 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969)). "When police officers make a lawful custodial arrest, they are permitted, as incident to the arrest, to search the person arrested and the immediately surrounding area." State v. Crutcher, 989 S.W.2d 295, 300 (Tenn. 1999). When an officer searches a person incident to arrest, the officer may make a "full" search of the person; the officer is not limited to performing a "limited pat-down" for weapons. See id. at 300-01; United States v. Robinson, 414 U.S. 218, 235 (1973). Justification for such a search and seizure is found in the dual purpose of removing any weapons and to prevent the concealment or destruction of any evidence on the arrestee's person. See Chimel, 395 U.S. at 763, 89 S. Ct. at 2040.

The defendant alleges that a discrepancy exists between the information contained in Officer Roach's affidavit of complaint and his testimony at trial. Officer Roach testified that he stopped to check the vehicle because the vehicle was parked in the middle of the road. He asked for the defendant's license, and the defendant told him that he did not have one. He testified that he searched the defendant's pocket and found a pill bottle containing the cocaine. However, Officer Roach testified at the suppression hearing that he called his dispatch to verify if the defendant's license had been revoked. He stated that it was his intention to place the defendant under arrest for driving on a revoked license before conducting a search of the defendant's person. Officer Roach testified that his memory of the events as they transpired would have been better on the date of the offense as opposed to the date of his testimony at the suppression hearing.

It is the function of the trial court, not this Court, to judge the credibility of the witnesses, to weigh the evidence, and to resolve factual issues. See State v. Cabbage, 571, S.W.2d 832 (Tenn. 1978). This Court defers to the fact-finders to make credibility assessments of witnesses who testify at suppression hearings. See State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996); State v. Norris, 47 S.W.3d 457, 468 (Tenn. Crim. App. 2000). The trial court has an affirmative duty to state the essential findings on the record. See T.R.A.P. 12(e). The recording of the trial court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996). A trial court that fails to comply with this duty runs the risk of having the judgment vacated and the case remanded for factual findings. See State v. Alonzo Gentry, 1998 Tenn. Crim. App. LEXIS 687, No. 02C01-9708-C-00335, Gibson County (Tenn. Crim. App. July 2, 1998) (remanding the case to the trial court for factual findings on a motion to suppress).

We conclude the validity of the search falls squarely upon the credibility of the testimony of Officer Roach. If the trial court believes Officer Roach approached a vehicle because it was parked in the middle of the road and the Officer had prior knowledge that the defendant had no driver's license or the defendant's license had been revoked, the search of the defendant's car was incident to a lawful arrest and would appear valid.

If, on the other hand, the trial court does not believe Officer Roach's testimony as to why and how he approached the vehicle, the detention of the defendant may not be considered a valid stop and therefore, the twenty-five rocks of cocaine may be suppressed.

There are times when this Court is unable to conclude by implication that the trial court accredited the testimony of a particular witness. Here, we are unable to conclude whether the trial court believed Officer Roach's account, given the fact that the trial court suppressed the evidence and "did not feel comfortable in elaborating" upon the reasoning behind its decision.

### Conclusion

Accordingly, we remand for the trial court to make pertinent findings and conclusions of law based solely upon the record as it now exists. The trial court should follow the guidelines set out herein and elaborate upon why the evidence should be suppressed.

_____
JOHN EVERETT WILLIAMS, JUDGE