# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 6, 2007

## STATE OF TENNESSEE v. ROY GENE RUSSOM

**Appeal from the Circuit Court for Henderson County**
**No. 05095-2     Donald Allen, Judge**

**No. W2006-01415-CCA-R3-CD  - Filed April 24, 2007**

The Appellant, Roy Gene Russom, was convicted by a Henderson County jury of violating the Motor Vehicle Habitual Offender Act and was subsequently sentenced, as a Range II offender, to four years in the Department of Correction.  On appeal, Russom raises the single issue of sufficiency of the evidence.  Following review, the judgment of conviction is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Hewitt Chatman, Assistant Public Defender, Jackson, Tennessee, for the Appellant, Roy Gene Russom.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Jerry Woodall, District Attorney General; and Bill R. Martin, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On June 3, 2005, the Appellant, who, at the time, was serving a community corrections sentence, met with his case officer, Vicki Parrish, at her office in Lexington.  Parrish met with the Appellant on a weekly basis and was aware that his driver's license had been revoked after he was declared a habitual motor vehicle offender ("HMVO").  Despite the fact that his driving privileges had been revoked, Parrish saw the Appellant driving a vehicle on May 13, 2005.  On May 20, 2005, she spoke with the Appellant and warned him of the consequences.

Following their June 3rd meeting, the Appellant left Parrish's office, and she observed him walk approximately a block and a half down the street.  Parrish, who had also left her office, observed a 1989 Ford Thunderbird, the car she had previously seen the Appellant driving on May 13th, parked in front of a local restaurant.  The Appellant got into the vehicle, backed out, and

proceeded to drive down the street, at which point Parrish called the police. She was able to observe that no one else was inside the vehicle. Parish followed the vehicle on foot as it proceeded approximately two blocks down Main Street before driving onto the parking lot of a convenience store. Parrish, who was unable to cross the street because of traffic, witnessed the Appellant exit the vehicle and enter the store. At this point, Parrish saw Jim Lawsome, an agent with the Tennessee Alcoholic Beverage Commission, and asked for his assistance. Both Lawsome and Parrish proceeded to the parking lot where the Appellant's car remained. The Appellant subsequently exited the store and returned to his vehicle. He proceeded to open the driver's side door and placed a quart of beer in the back seat, at which point Lawsome approached and placed the Appellant in custody. The keys to the car were found in the Appellant's possession. Within moments, Officer Ricky McAdams of the Lexington Police Department arrived and transported the Appellant to the police station. McAdams, who did not question the Appellant, heard the Appellant say that he had had to drive his mother to Wal-mart. McAdams obtained a certified copy of the Appellant's driving history, which verified that the Appellant's driver's license had been revoked and that he had been declared a habitual motor vehicle offender.

On October 24, 2005, a Henderson County grand jury returned a one-count indictment charging the Appellant with driving after being declared a habitual motor vehicle offender. Following a March 17, 2006 trial, the Appellant was convicted as charged. He was subsequently sentenced, as a Range II offender, to a term of four years in the Department of Correction. Following the denial of his motion for new trial, the Appellant filed the instant timely appeal.

**Analysis**

On appeal, the Appellant challenges the sufficiency of the evidence supporting his conviction for driving after being declared a habitual motor vehicle offender. In considering the issue of sufficiency of the evidence, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct

evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

As noted, the Appellant was convicted of driving after being declared a habitual motor vehicle offender. Tennessee Code Annotated section 55-10-616(a) (2006) provides that "[i]t is unlawful for any person to operate any motor vehicle in this state while the judgment or order of the court prohibiting the operation remains in effect." On appeal, the Appellant asserts that the testimony of Ms. Parrish was not credible because her testimony was inconsistent with portions of Agent Lawsome's testimony and because her relationship with the Appellant as his community corrections officer "and her actions on June 3, 2005 as testified to by her, clearly suggests that she would use whatever means necessary to find him in some type of violation." Moreover, the Appellant complains that neither Agent Lawsome nor Officer McAdams actually witnessed him drive the car but, rather, based his arrest on the testimony of Parrish, which was "questionable at best." Essentially, the Appellant's entire argument is based upon a credibility challenge.

We acknowledge that Ms. Parrish's testimony conflicted with that of Agent Lawsome's with regard to where Parrish was standing when the Appellant exited the convenience store. According to Parrish, she was standing behind the Appellant's vehicle with Agent Lawsome. In contrast, Lawsome testified that Parrish was still trying to cross the street when he approached the Appellant and that he had to wait for her to cross in order for her to positively identify the Appellant. However, this conflicting testimony was clearly placed before the jury. Additionally, it is unclear from the record as to what testimony the Appellant is referring to when he suggests that Parrish's actions suggest she "would use whatever means necessary" to find him in violation. The Appellant merely relies upon this blanket assertion, which we do not find to be supported by the evidence before us. Moreover, our review of the evidence is not equivalent to that of the jury's, as all questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not this Court. *See Pappas*, 754 S.W.2d at 623. The jury viewed the witnesses, heard their testimony, and observed their demeanor on the stand. While we acknowledge certain conflicts in the witnesses' testimony, it was the jury's prerogative to weigh the credibility of the witnesses and to resolve any conflicts in their testimony. This court will not reweigh or reevaluate the evidence presented. *Cabbage*, 571 S.W.2d at 835.

We must also reject the Appellant's contention that the arrest was not supported because Lawsome and McAdams did not witness the Appellant driving the vehicle, especially in view of the fact that we have determined that Parrish's credibility as a witness will not be reevaluated. A law enforcement officer may make a warrantless arrest "[w]hen a felony has in fact been committed, and the officer has reasonable cause for believing the person arrested to have committed it." T.C.A. § 40-7-103(a)(3) (2006). In other words, an officer must have "probable cause to believe the person to be arrested has committed the crime." *State v. Lawrence*, 154 S.W.3d 71, 75 (Tenn. 2005) (citing *State v. Lewis*, 36 S.W.3d 88, 98 (Tenn. Crim. App. 2000)). Probable cause to arrest exists if the facts and circumstances within an officer's knowledge are "'sufficient to warrant a prudent [person] in believing that the [individual] had committed or was committing an offense.'" *State v. Bridges*, 963 S.W.2d 487, 491 (Tenn. 1997) (quoting *Beck v. Ohio*, 379 US. 89, 91, 85 S. Ct. 223, 225 (1964);

*State v. Melson*, 638 S.W.2d 342, 350-51 (Tenn. 1982)).  Clearly, in the case before us, the officers had sufficient probable cause to arrest based upon the information provided by Parrish, whom Lawsome specifically testified he believed to be a reliable person.  She witnessed the Appellant driving the car and, as his community corrections officer, was aware that he had been declared a HMVO.

Viewing the evidence in the light most favorable to the State, the evidence is more than sufficient to support the conviction.  The record clearly established that the Appellant had been declared a HMVO on December 10, 1981.  Parrish, who knew the Appellant had been declared a HMVO and had previously witnessed him driving anyway, saw the Appellant get into his car, which was parked a short distance from where their meeting took place, and drive down the street.  She specifically testified that she was able to see that no one else was in the vehicle except the Appellant.  According to Parrish, she followed the vehicle on foot roughly two blocks, never losing sight of the car, until it pulled into the convenience store.  Both Parrish and Lawsome witnessed the Appellant exit the store, approach the same vehicle, and place a quart of beer in the back seat.  The Appellant was in possession of the car keys, and no one else was in or approached the car during the period of time that the Appellant was arrested.  Moreover, Officer McAdams later heard the Appellant admit that he had been driving the car.  This evidence is clearly sufficient to support the conviction.

## CONCLUSION

Based upon the foregoing, the Appellant's judgment of conviction is affirmed.

_____
DAVID G. HAYES, JUDGE

-4-