IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 3, 2009

## STATE OF TENNESSEE v. TREMAINE LETROY PAIGE

**Direct Appeal from the Circuit Court for Dyer County**
**No. C07-55     Lee Moore, Judge**

_____

**No.W2008-01091-CCA-R3-CD   -   Filed August 31, 2009**

_____

The Defendant-Appellant, Tremaine Letroy Paige ("Paige"), pled guilty to possession of over .5 grams of cocaine, a Schedule II controlled substance with the intent to sell.  Pursuant to Tennessee Rule of Criminal Procedure 37, Paige reserved as a certified question of law the issue of whether the trial court erred when it denied his motion to suppress.  The certified question of law is "[w]hether Officer Anna McDowell had a legal basis for the traffic stop of the Defendant's vehicle."  Following our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. C. MCLIN, JJ., joined.

James E. Lanier, District Public Defender; Timothy Boxx, Assistant Public Defender, Dyersburg, Tennessee, for the defendant-appellant, Tremaine Letroy Paige.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany, Assistant Attorney General, and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

        **Facts and Procedural History**.  On February 12, 2007, Paige was indicted for possession of over .5 grams of cocaine, a Schedule II controlled substance with the intent to sell.[1]  The cocaine was recovered during a traffic stop initiated by Officer McDowell.  Paige filed a motion to suppress the recovered evidence which was denied by the trial court.  Paige subsequently pled guilty to possession of over .5 grams of cocaine, a Schedule II control substance with the intent to sell.  As part of the plea agreement, Paige reserved for appeal a certified question of law challenging the legal basis for the stop.

        **Suppression Hearing**.  The following evidence was presented at the suppression hearing: Officer Anna Caroll McDowell with the Dyersburg Police Department testified that on the evening

_____

[1]The Dyer County Grand Jury also indicted Paige for driving on a canceled, suspended, or revoked license. This charge was dismissed as part of the plea agreement.

of August 12, 2006, she was on patrol in Dyer County. She was sitting in her patrol car, which was parked in the median on U.S. Highway 51 where the highway meets Samaria Bend Road. Samaria Bend Road runs perpendicular to the highway. Around 10:00 p.m., Officer McDowell saw Paige driving on Samara Bend Road before pulling into a parking lot that fronted the highway. Paige's parked vehicle was facing north, and Officer McDowell's patrol car was facing east. Officer McDowell testified that her bright lights were on, and therefore she was able to see inside of Paige's vehicle at a perpendicular angle. Paige leaned forward twice, and Officer McDowell observed that he was not wearing his seatbelt. Paige testified that he stopped in the parking lot to smoke a cigarette, and he did not see Officer McDowell parked in the median.

Officer McDowell stated that Paige's vehicle was parked for one or two minutes before he drove onto the highway. Officer McDowell initially testified that once Paige turned onto the highway, she pulled beside him and could see that he was not wearing his seatbelt. However, Officer McDowell later testified that she could not recall if their vehicles were ever parallel, and did not know whether Paige was wearing his seatbelt when he entered the highway. Officer McDowell also stated that she intended to activate her emergency lights when Paige pulled onto the highway from the parking lot. However, she later recalled that "when [she] got behind him, he still clearly didn't have his seatbelt on and that's when [she] activated [her] emergency lights".

At the hearing, Paige introduced the video taken from Officer McDowell's patrol car. The recording begins at the moment she activated her emergency lights. Officer McDowell testified that from the video, she could tell that Paige was not wearing his seatbelt. She also stated that from the video alone, she could not read Paige's license plate; however, she testified that from her view in the patrol car, she could read Paige's license plate. Officer McDowell also stated that once she turned on her emergency lights, she backed further away from Paige's vehicle for safety reasons.

Paige corroborated Officer McDowell's testimony with two exceptions. First, Paige testified that he was wearing his seatbelt on the night of his arrest. He stated he remembered unbuckling his seatbelt before jumping out of his vehicle when he was pulled over. Second, Paige presented slightly different testimony about when Officer McDowell activated her emergency lights. Officer McDowell testified that the lights were activated when she crossed, or just passed, double bridges on the highway. Paige testified that the emergency lights came on after he was already across the bridges. Paige offered the testimony of a criminal investigator who reviewed the video from Officer McDowell's patrol car in support of this point. The investigator explained that the video began recording when Officer McDowell activated her emergency lights which was 1.2 miles from the intersection of Samaria Bend Road and U.S. Highway 51.

The trial court found Officer McDowell had probable cause to stop Paige. The trial court relied on Officer McDowell's testimony that she observed that Paige was not wearing his seatbelt while he was parked in the parking lot and when she followed Paige from behind on the highway.

## ANALYSIS

**I.   Certified Question Presented**. The consent order states, "The question reserved, contained in the Defendant's Motion to Suppress, is whether Officer Anna McDowell had a legal

basis for the traffic stop of the Defendant's vehicle." On appeal, Paige asserts that Officer McDowell lacked reasonable suspicion to initiate the stop. The State argues the trial court correctly concluded Officer McDowell had probable cause to stop Paige's vehicle. We agree with the State.

**Standard of Review**. The standard of review applicable to suppression issues involves a mixed question of law and fact. State v. Garcia, 123 S.W.3d 335, 342 (Tenn. 2003). "[A] trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." State v. Cox, 171 S.W.3d 174, 178 (Tenn. 2005) (quoting State v. Odom, 928 S.W.2d 18, 23 (Tenn.1996)). The Tennessee Supreme Court explained this standard in State v. Odom:

> Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact. The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence. So long as the greater weight of the evidence supports the trial court's findings, those findings shall be upheld.

Odom, 928 S.W.2d at 23.

**Investigatory Stop of Vehicle**. The Fourth Amendment to the United States Constitution and article I, section 7 of the Tennessee Constitution protect against unreasonable searches and seizures. The stop of a vehicle and the detention of its occupants constitutes a seizure within the meaning of both the Fourth Amendment to the United States and article I, section 7 of the Tennessee Constitution. Whren v. United States, 517 U.S. 806, 809-10, 116 S. Ct. 1769, 1772 (1996); State v. Binette, 33 S.W.3d 215, 218 (Tenn. 2000).

A warrantless search or seizure "is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression unless the State demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." State v. Yeargan, 958 S.W.2d 626, 629 (Tenn.1997). A warrant is not required for an investigatory stop if the officer has "a reasonable suspicion, supported by specific and articulable facts, that a criminal offense has been or is about to be committed." State v. Bridges, 963 S.W.2d 487, 492 (Tenn. 1997) (citing Terry v. Ohio, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968)). Probable cause is not required for an investigatory stop. State v. Coleman, 791 S.W.2d 504, 505 (Tenn. Crim. App. 1989) (citing Terry, 391 U.S. at 27, 88 S. Ct. at 1883 and Hughes v. State, 588 S.W.2d 296, 305 (Tenn. 1979)).

The Tennessee Supreme Court has stated that a "[r]easonable suspicion is a less demanding standard than probable cause." Bridges, 963 S.W.2d at 492 (quoting Alabama v. White, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416 (1990)). Reasonable suspicion for an investigatory stop will be found to exist only when the events which preceded the stop would cause an objectively reasonable police officer to suspect criminal activity on the part of the individual stopped. State v. Levitt, 73 S.W.3d 159, 172 (Tenn. Crim. App. 2001); State v. Norword, 938 S.W.2d 23, 25 (Tenn. Crim. App. 1996). The likelihood of criminal activity required for reasonable suspicion is not as great as that required for probable cause, and is "considerably less" than would be needed to satisfy a

preponderance of the evidence standard. United States v. Sokolow, 490 U.S. 1, 7, 109 S. Ct. 1581, 1585 (1989); see also State v. Keith, 978 S.W.2d 861, 867 (Tenn. 1998).

The State contends the stop was not unreasonable because Officer McDowell had a reasonable suspicion that Paige violated Tennessee's highway seatbelt statute, which provides that "[n]o person shall operate a passenger motor vehicle on any highway . . . unless such person and all passengers four (4) years of age or older are restrained by a safety belt at all times the vehicle is in forward motion." T. C. A. § 55-9-603(a)(1) (2006). In support, the State points to the trial court's determination that Officer McDowell had not just a reasonable suspicion, but probable cause to make the stop. The State stresses that the trial court accepted Officer McDowell's testimony that Paige was not wearing his seatbelt while he was parked in the parking lot, or while Officer McDowell was driving behind Paige on the highway.

Paige argues the evidence preponderates against the trial court's denial of his motion to suppress because the trial court's reliance on Officer McDowell's testimony was not supported by the proof. He relies on Officer McDowell's contradictory testimony concerning: (1) whether Paige was wearing a seatbelt when he entered the highway; and (2) when she decided to initiate the stop. Relying on the video from Officer McDowell's patrol car, Paige also argues that Officer McDowell could not realistically determine if Paige was wearing his seatbelt when she followed Paige from behind on the highway.

Our review of the record shows the trial court properly denied the motion to suppress. Paige's entire argument on appeal questions Officer McDowell's credibility, but fails to show how the evidence preponderates against the findings of the trial court. In this regard, the Tennessee Supreme Court has repeatedly stated, "Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." Odom, 928 S.W.2d at 23.

Officer McDowell testified that while Paige was parked in the parking lot, her bright lights were on and she could see into Paige's vehicle at a perpendicular angle. Although Paige was not violating the seatbelt statute while in the parking lot, Officer McDowell also observed Paige not wearing his seatbelt when he entered the highway.

Paige failed to show the evidence preponderates against the determination of the trial court. Paige argues Officer McDowell provided contradictory testimony concerning whether he was buckled when he entered the highway. However, Officer McDowell testified that she saw Paige not wearing his seatbelt when she drove behind him on the highway. The video does not prove by a preponderance of the evidence that Officer McDowell could not see that Paige was not wearing his seatbelt.

Paige has failed to prove the evidence preponderates against the trial court's denial of Paige's motion to suppress. Based on Officer McDowell's testimony that she could see that Paige was not wearing his seatbelt while in the parking lot and while on the highway, the greater weight of the evidence supports the trial court's findings.

**CONCLUSION**

-4-

Based on the foregoing reasons, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE