# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
May 18, 2010 Session

## STATE OF TENNESSEE v. KATHY M. PENNINGTON

**Appeal from the Circuit Court for Lawrence County**
**No. 26451    Robert L. Jones, Judge**

---

**No. M2009-01125-CCA-R3-CD - Filed September 27, 2010**

---

Appellant, Kathy M. Pennington, was indicted by the Lawrence County Grand Jury for one count of possession of oxycodone, a Schedule II controlled substance. After the trial court denied Appellant's motion to suppress, Appellant pled guilty to the charge. As part of her guilty plea, Appellant reserved a certified question for appeal arguing that the trial court erred in denying the motion to suppress. After a thorough review of the record, we conclude that the evidence does not preponderate against the factual findings of the trial court that Appellant consented to the search. Therefore, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

J. Daniel Freemon, Lawrenceburg, Tennessee, for the appellant, Kathy M. Pennington.

Robert E. Cooper, Jr., Attorney General and Reporter, Clark B. Thornton, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On January 24, 2007, Deputy Brian Thompson with the Lawrence County Sheriff's Department heard a "be on the lookout" ("BOLO") alert for vehicle for a possible charge of driving under the influence ("DUI"). Deputy Thompson located the vehicle and initiated a traffic stop. While administering various field sobriety tests to the driver, Mr. Randy Atwell, Investigator Gary Mills also with the Lawrence County Sheriff's office arrived. Investigator

Mills was familiar with the driver from previous arrests. Investigator Mills asked Mr. Atwell for permission to search his person and automobile. Mr. Atwell consented to the search.

Investigator Mills went to the passenger-side of the vehicle where Appellant was seated. Investigator Mills asked for her consent to search her person and her belongings. She gave verbal consent. Investigator Mills found three pills in a cigarette pack in Appellant's purse. Investigator Mills identified the pills as morphine pills. Investigator Mills did not complete an offense report for this incident. Deputy Thompson completed an offense report, but he did not record whether Appellant gave consent for the search to Investigator Mills.

In May 2007, an indictment from the Lawrence County Grand Jury was filed indicting Appellant for one count of possession of oxycodone, a Schedule II controlled substance. On February 27, 2008, Appellant filed a motion to suppress all evidence obtained during the search of her person and her belongings. The trial court held a hearing on the motion on February 26, 2009. At the hearing, Investigator Mills testified that he asked Appellant for consent and that she gave it. He stated that he did not have an independent memory of requesting consent. However, Investigator Mills stated that it was his practice to request consent before conducting a search. He specifically stated, "I will not search, unless I get the consent." He stated that if it is his investigatory stop, he will get written consent as part of his paperwork. However, in this case, the stop was initiated by Deputy Thompson.

Deputy Thompson testified that he stopped Mr. Atwell and began administering field sobriety tests. He determined that Mr. Atwell was not intoxicated. Deputy Thompson did not participate in the investigation or search of Appellant. He did not overhear Investigator Mills request consent for search. He also admitted that he did not include information regarding the consent to search Appellant in the offense report.

Appellant testified that she was in the vehicle with Mr. Atwell on the night in question. She remembered being asked to exit the vehicle, but she did not remember being asked for permission to search. Appellant recalled that the officer emptied out a cigarette pack from her purse and found three pills. She stated that two pills were antibiotics and one pill was Lortab.

At the conclusion of the hearing, the trial court denied the motion to suppress. The trial court specifically found that "the preponderance of the facts favors the State and the Court finds that she consented to the search."

On May 14, 2009, Appellant entered a guilty plea to possession of oxycodone, a Schedule II controlled substance. Appellant was sentenced to eleven months and twenty-nine

days to be served on probation. As part of her guilty plea, Appellant reserved a certified question for appeal pursuant to Rule 37 of the Tennessee Rules of Criminal Procedure.

## ANALYSIS

Appellant properly preserved a certified question of law pursuant to Rule 37(b)(2)(I) of the Tennessee Rules of Criminal Procedure for appeal to this Court. Appellant's certified question on appeal is the following:

> Whether or not there was an articulable suspicion or grounds to conduct a warrant-less non-consenting search of the person of the claimant or her belongings and further, under these particular circumstances, involving a traffic offense by the driver, there was no reasonable basis for the officer to request the passenger to submit to a search and whether or not the search was illegal and improper and whether under facts of the case the State carried it's burden of showing an exception justifying a warrantless search of the vehicle passenger.

In analyzing a trial court's decision on a motion to suppress, an appellate court is to conduct a de novo review regarding the trial judge's application of the law to the evidence presented. *State v. Bridges*, 963 S.W.2d 487, 490 (Tenn. 1997); *State v. Yeargan*, 958 S.W.2d 626, 628-29 (Tenn. 1997). Our standard of review for a trial court's findings of fact and conclusions of law on a motion to suppress evidence is set forth in *State v. Odom*, 928 S.W.2d 18 (Tenn. 1996). Under this standard, "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." *Id.* at 23. As is customary, "the prevailing party in the trial court is afforded the 'strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence.'" *State v. Carter*, 16 S.W.3d 762, 765 (Tenn. 2000) (quoting *State v. Keith*, 978 S.W.2d 861, 864 (Tenn. 1998)). Nevertheless, this Court reviews de novo the trial court's application of the law to the facts, without according any presumption of correctness to those conclusions. *See State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001); *State v. Crutcher*, 989 S .W.2d 295, 299 (Tenn. 1999). When the trial court's findings of fact are based entirely on evidence that does not involve issues of witness credibility, however, appellate courts are as capable as trial courts of reviewing the evidence and drawing conclusions, and the trial court's findings of fact are subject to de novo review. *State v. Binette*, 33 S.W.3d 215, 217 (Tenn. 2000).

Both the Fourth Amendment to the United States Constitution and article I, section 7 of the Tennessee Constitution protect individuals against unreasonable searches and seizures by government agents. *See* U.S. Const. amend. IV; Tenn. Const. art. I, § 7. "These constitutional provisions are designed to 'safeguard the privacy and security of individuals against arbitrary invasions of government officials.'" *Keith*, 978 S.W.2d at 865 (quoting *Camara v. Mun. Ct.*, 387 U.S. 523, 528, 87 S. Ct. 1727 (1967)). The Tennessee Supreme Court has noted previously that "[a]rticle I, [section] 7 [of the Tennessee Constitution] is identical in intent and purpose with the Fourth Amendment [of the United States Constitution]," and that federal cases applying the Fourth Amendment should be regarded as "particularly persuasive." *Sneed v. State*, 423 S.W.2d 857, 860 (Tenn. 1968).

Under both constitutions, "a warrantless search or seizure is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression unless the State demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." *Yeargan*, 958 S.W.2d at 629 (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55, 91 S. Ct. 2022 (1971)); *see also State v. Garcia*, 123 S.W.3d 335, 343 (Tenn. 2003).

One exception to the warrant requirement for a valid search is that an individual gives consent to the warrantless search. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973). The consent must however, be "'unequivocal, specific, intelligently given and uncontaminated by duress or coercion.'" *State v. Brown*, 836 S.W.2d 530, 547 (Tenn. 1992). In determining the validity of a consent to search, courts must look at the totality of the circumstances surrounding the obtaining of consent. *United States v. Drayton*, 536 U.S. 194, 207 (2002). The following factors are used to evaluate the voluntariness of the consent: (1) whether the defendant is in custody; (2) the length of detention prior to the giving of consent; (3) the presence of coercive police procedures; (4) the defendant's awareness of the right to refuse to consent; (5) the defendant's age, education, and intelligence; (6) whether the defendant understands his constitutional rights; (7) the extent of the defendant's prior experience with law enforcement; and (8) whether the defendant was injured, intoxicated, or in ill health. *See, e.g., Carter*, 16 S.W.3d at 769; *see also United States v. Ivy*, 165 F.3d 397, 402 (6th Cir. 1998); *State v. Terrell Deberry*, No. W2004-00018-CCA-R3-CD, 2004 WL 2808908, at *5 (Tenn. Crim. App., at Jackson, Dec. 7, 2004). Although all eight (8) factors are relevant, no single factor is dispositive nor are they all-inclusive factors for determining voluntariness. *Id.* Of critical importance is factor (1), the voluntariness of the defendant's custodial status, i.e., whether at the time the defendant granted permission to search he was unlawfully detained. Even if consent is voluntarily given, it does not remove the taint of an illegal detention if the consent is the product of that detention and not an independent act of free will. *State v. Huddleston*, 924 S.W.2d 666, 674 (Tenn. 1996); *United States v. Richardson*, 949 F.2d 851, 858 (6th Cir. 1991). Moreover, the State must show

"more than acquiescence to a claim of lawful authority." *Bumper v. North Carolina*, 391 U.S. 543, 549 (1968). As noted earlier, and it bears repeating, the State bears the burden of showing that consent was freely and voluntarily given. *State v. McMahan*, 650 S.W.2d 383, 386 (Tenn. Crim. App. 1983).

Appellant begins her brief with an argument that Deputy Thompson did not have reasonable suspicion either to stop Mr. Atwell's vehicle or search and detain the vehicle. This issue is not covered in the scope of the certified question presented on appeal. The certified question posits three issues: (1) that there was not articulable suspicion to search Appellant; (2) when a traffic offense involves the driver, there is no reasonable basis to search the passenger; and (3) that the State failed to carry its burden of an exception to the warrant requirement. Because the certified question does not encompass the question of the legality of the stop, search or detention of the vehicle, we will not address whether Deputy Thompson had a reasonable suspicion to stop Mr. Atwell. "As we have stated repeatedly, no issue beyond the scope of the certified question will be considered." *State v. Day*, 263 S.W.3d 891, 900 (Tenn. 2008).

Appellant argues that Investigator Mills did not have articulable suspicion to conduct a search of her person and her belongings and that there is no reasonable basis to conduct a search of a passenger when the driver of the vehicle committed a traffic offense. These two questions raise the issue stated above that even if the consent is voluntarily given, the defendant must not have been unlawfully detained and consent derived from the unlawful detention.

Appellant cites *State v. Terrell Deberry*, No. W2004-00018-CCA-R3-CD, 2004 WL 2808908 (Tenn. Crim. App., at Jackson, Dec. 7, 2004), to support her argument. In *Terrell Deberry*, Officer Kevin Brogdon stopped a vehicle for driving without headlights and taillights. *Terrell Deberry*, 2004 WL 2808908, at *1. The defendant was a passenger in the vehicle. Office Brogdon asked the defendant to step out of the vehicle. *Id.* After obtaining consent, Officer Brogdon conducted a pat down search for weapons of the defendant. Officer Brogdon found nothing. *Id.* Officer Brogdon proceeded to lift the defendant's shirt where he found a bag of drugs in the waistband of defendant's pants. *Id.* The defendant filed a motion to suppress. At the conclusion of the hearing on the motion to suppress, the trial court held that the defendant's consent was restricted to Officer Brogdon's pat down for weapons. Therefore, the more intrusive search consisting of the lifting up of the defendant's shirt was outside the scope of consent. *Id.* at *4. The trial court determined that the drugs must be suppressed because the search was illegal. *Id.* The State appealed the trial court's decision. *Id.* at *1. On appeal, this Court affirmed the decision of the trial court and stated that the evidence did not preponderate against the findings of the trial court.

However, the facts in the case at hand are more similar to *State v. Calvin T. Barham*, No.W2002-00246-CCA-R3-CD, 2002 WL 31624944, (Tenn. Crim. App., at Jackson, Nov. 19, 2002). In *Calvin T. Barham*, the defendant was a passenger in a vehicle that was stopped for a defective tail light. 2002 WL 31624944, at *1. The officer conducted a pat down search of all the passengers in the vehicle and found nothing. *Id.* While the passengers were getting back into the car, the officer noticed that the defendant's shoe was untied. *Id.* For this reason, the officer thought the defendant might have contraband in his shoe. The officer asked the defendant if he wanted to take off his shoe. *Id.* The defendant kicked off his shoes and the officer saw two packages of marijuana and two bags of cocaine. *Id.* He filed a motion to suppress. *Id.* at *1-2. The trial court denied the motion to suppress. *Id.* at *2. On appeal, this Court concluded that the defendant voluntarily consented to the search by kicking off his shoes and that the evidence did not preponderate against the trial court's findings. *Id.* at *4-5.

The basis of the hearing on the motion to suppress in this case was whether Appellant consented to the search and Appellant maintained at the hearing that she did not voluntarily consent to the search. She stated that she had no recollection of consenting. Appellant did not testify that she had consented because she was subjected to duress or coercion. She simply stated that she could not remember. The trial court's decision became a question of fact as to whether Appellant had consented to the search based upon the evidence presented in the officers' testimony and Appellant's testimony. Therefore, the ultimate question in this appeal becomes whether Appellant gave consent to the search. This question is dispositive of the issue.

In her brief, Appellant argues that the evidence was insufficient to support the conclusion that she consented to the search. She states that the testimony of Investigator Mills was insufficient because he stated he did not have an independent recollection of asking for her consent, but instead relied upon his practice. This argument is a question of fact and the trial court's findings regarding this matter relied upon witness credibility. As stated above, when an issue of fact concerns witness credibility, we must uphold the trial court's decision unless the evidence preponderates against the findings of the trial court. *Odom*, 928 S.W.2d at 23.

The trial court held that Appellant did not have a clear recollection of the facts in question. The trial court specifically accredited the testimony of Investigator Mills that his practice was to obtain consent before searching. The evidence presented showed that Appellant was not in custody, was not coerced, and was not detained for an extended period. We conclude that the evidence does not preponderate against the findings of the trial court.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's denial of the motion to suppress.

_____
JERRY L. SMITH, JUDGE