# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### October 27, 2015 Session

## STATE OF TENNESSEE v. ANTHONY JOHN SILVA

### Appeal from the Circuit Court for Williamson County
### No. CR108360     Deanna B. Johnson, Judge

---

### No. M2015-00121-CCA-R3-CD – Filed March 3, 2016

---

The defendant, Anthony John Silva, was arrested on suspicion of driving while intoxicated.  He filed a motion to suppress the evidence, which the trial court granted.  The State now appeals, arguing that the defendant's arrest was sufficiently supported by probable cause.  Following our review of the briefs, the record, and the applicable law, we reverse the judgment of the trial court granting the defendant's motion to suppress, and we remand for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER, J., joined.  D. KELLY THOMAS, JR., J., filed a dissenting opinion.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Kim Helper, District Attorney General; and Carlin Hess, Assistant District Attorney General, for the Appellant, State of Tennessee.

Mark L. Puryear III, Franklin, Tennessee, for the Appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

On January 19, 2014, at 2:36 a.m., Franklin Police Department Officer Adam Cohen observed the defendant driving 46 miles per hour in a 35 miles per hour speed

zone.  Other than his excessive speed, Officer Cohen did not observe anything erratic or suspicious about the defendant's driving.  Officer Cohen initiated a traffic stop, and the defendant lawfully pulled his vehicle off of the road.  Once Officer Cohen reached the vehicle, he noticed an odor of alcohol coming from the vehicle.  Officer Cohen also observed that the defendant's eyes were bloodshot and watery.   The defendant told Officer Cohen that he had consumed three beers, although he did not specify precisely when he had consumed the beers.

Officer Cohen conducted several "pre[-]exit tests" to determine whether to have the defendant exit the vehicle.  He first asked the defendant to recite the alphabet, starting with the letter "D" and ending with the letter "R."  He testified that the defendant said the letter "T" instead of the letter "D," although he agreed that it could have been interpreted as "D."  He stated that the defendant had to pause several times throughout the recitation to consider the next letter.  Officer Cohen also administered the "finger dexterity test," in which the defendant was supposed to touch his thumb to his index, middle, ring, and pinky fingers and then reverse the process.  Officer Cohen testified that he had suspects perform three repetitions of the dexterity test.   Officer Cohen testified that he demonstrated the test and then asked the defendant to perform the test "the same number of times and in the same manner" that Officer Cohen demonstrated.   Officer Cohen testified that the defendant did not satisfactorily complete the test because he only performed two repetitions of the test instead of the expected three repetitions.   Based on the defendant's performance on the pre-exit tests, Officer Cohen asked him to step out of the vehicle.

Officer Cohen next administered three field sobriety tests.   He first had the defendant perform the "walk and turn," which required the defendant to take nine steps walking heel to toe, make a turn, and then take nine more heel to toe steps to return to the starting position.  Officer Cohen testified that the defendant missed a heel to toe step, made an improper turn, and stopped the test before it was completed.  The defendant next performed the "one leg stand test," and he completed this test satisfactorily.  The final test was the "[m]odified Romberg balance test," in which the defendant was to close his eyes, tilt his head back, and silently estimate the passage of thirty seconds.  Officer Cohen testified that there was a margin of error of "plus or minus five seconds" and that the defendant estimated 30 seconds had elapsed after 41 seconds had passed.  Officer Cohen testified that the defendant failed this test.  Officer Cohen testified that he decided to arrest the defendant "[b]ased on the totality of the circumstances, based off of all the tests that [he] conducted, [and] the odor of [an] alcoholic beverage."  He also considered the defendant's statement that he had consumed three beers.  Officer Cohen believed that the defendant was under the influence of alcohol.

The trial court issued a written order granting the motion to suppress. The court found that Officer Cohen observed the defendant traveling eleven miles per hour over the speed limit. The court credited the testimony of Officer Cohen that the defendant was driving entirely within his own lane of traffic; did not "swerve", "weave", or "jerk" his vehicle; and properly pulled off of the road. The court found that Officer Cohen observed an odor of alcohol coming from the vehicle and that the defendant told Officer Cohen that he had consumed three beers "hours earlier." The court found that it was cold on the evening of the stop and that the defendant complained about the temperature several times. The court noted that Officer Cohen testified that the cold could adversely affect a person's ability to perform the field sobriety tests. The court also noted that Officer Cohen testified that many DUI suspects have difficulty holding their stance before beginning some of the tests and that the defendant held his stance well and for a lengthy period of time. The court found that the defendant was cooperative throughout the stop.

The trial court found that the defendant's performance on the pre-exit tests did not give Officer Cohen probable cause to arrest the defendant. Based on its review of the video recording of the stop, the court found that the defendant correctly said the letter "D" instead of "T" and that the defendant's pause at the end of the recitation was not unreasonable. The court found that while Officer Cohen demonstrated the finger dexterity test three times and instructed the defendant to perform the test as Officer Cohen did, Officer Cohen did not explicitly instruct the defendant to perform the test three times. The court noted that the defendant "paused for only a second," and Officer Cohen then proceeded to administer field sobriety tests.

The court also found that the defendant's performance on the field sobriety tests did not create probable cause for his warrantless arrest. The court found that for the walk and turn, the video indicated that the defendant only missed one step, and the court found that this misstep was the result of the defendant's heel not touching his toe by an extremely small margin. The court found that the defendant did not stop the test prematurely. The court found that the Romberg test was supposed to be performed for thirty seconds, that there was a margin of error of plus or minus five seconds, and that the defendant performed the test for forty-one seconds. The court also found that a primary purpose of the test was to assess balance and that the defendant "maintained his balance well."

The court distinguished the instant case from that of *State v. Bell*, 429 S.W.3d 524 (Tenn. 2014). The court found that unlike the moving violation in *Bell*, in which the defendant drove on the wrong side of a divided highway, the defendant's exceeding the speed limit by eleven miles per hour was not a "significant" moving violation. The court also found that the defendant's admission that he consumed three beers "hours earlier"

3

was not as egregious as the admission in *Bell*, where the defendant admitted to consuming more alcohol "than [he] should have." *Bell*, 429 S.W.3d at 535. The court found that there was no probable cause established "by other facts" as there was in *Bell*.

The court found that the totality of the circumstances weighed against a finding of probable cause to arrest the defendant. The court found that the defendant performed "extremely well" on the one-leg stand. The court also noted that Officer Cohen testified that it was cold on the evening of the stop and that the defendant complained about the cold several times. The court observed that Officer Cohen admitted that the cold temperature could adversely affect a person's ability to perform the field sobriety tests. The court cited to Officer Cohen's testimony that many suspects often had difficulty holding their stance before beginning some of the field sobriety tests and that the defendant held his stance well and for an extended period of time. The court noted that Officer Cohen testified that the defendant maintained his lane of travel, did not weave within his lane, did not swerve, and did not jerk his vehicle. The court further cited to Officer Cohen's testimony that the defendant pulled over immediately after Officer Cohen initiated the stop and that the defendant was cooperative.

After the trial court granted the motion to suppress, the parties entered an agreed order dismissing the indictment. The State filed a timely notice of appeal challenging the granting of the motion to suppress.

## ANALYSIS

The State argues that the trial court erred in granting the defendant's motion to suppress. The State contends that the defendant's speeding infraction, the odor of alcohol coming from his vehicle, and his admission that he consumed three beers gave the officer probable cause to arrest the defendant for driving under the influence. The defendant responds that there was not adequate probable cause to justify his arrest for driving under the influence of an intoxicant.

A trial court's factual determinations in a suppression hearing will be upheld on appeal unless the evidence preponderates otherwise. *State v. Odom,* 928 S.W.2d 18, 23 (Tenn. 1996). Questions regarding the credibility of witnesses, the weight or value of the evidence, and determinations regarding conflicts in the evidence are matters entrusted to the trial judge as the trier of fact. *State v. Talley,* 307 S.W.3d 723, 729 (Tenn. 2010). "The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence." *State v. Williamson,* 368 S.W.3d 468, 473 (Tenn. 2012) (quoting *Odom,* 928 S.W.2d at 23). The trial court's application of the law to the facts is reviewed de novo. *State v. Carter,* 16 S.W.3d 762, 765 (Tenn. 2000).

4

Both the Fourth Amendment to the United States Constitution and article I, section 7 of the Tennessee Constitution provide protection for individuals against unreasonable searches and seizures. *State v. Day*, 263 S.W.3d 891, 900-01 (Tenn. 2012). "[A] warrantless search or seizure is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression unless the State demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997). An arrest supported by probable cause is an exception to the warrant requirement. *State v. Bell*, 429 S.W.3d 524, 529 (Tenn. 2014).

Probable cause requires more than mere suspicion but need not rise to the level of absolute certainty. *State v. Melson,* 638 S.W.2d 342, 350 (Tenn. 1982). The concept of probable cause deals with probabilities and not with technicalities. *State v. Echols,* 382 S.W.3d 266, 278 (Tenn. 2012). "Probable cause depends on whether the facts and circumstances and reliable information known to the officer at the time of arrest were 'sufficient to warrant a prudent [person] in believing that the [individual] had committed or was committing an offense.'" *State v. Lawrence,* 154 S.W.3d 71, 75-76 (Tenn. 2005) (quoting *State v. Bridges,* 963 S.W.2d 487, 491 (Tenn. 1997)).

The State cites to *Bell* in support of its argument that Officer Cohen had probable cause to arrest the defendant, and the defendant responds that his case is distinguishable from *Bell*. In *Bell*, officers stopped the defendant when he was driving the wrong way on a divided highway. *Id.* at 526. The defendant smelled of alcohol, and he admitted that he consumed "more than [he] should have" that evening. *Id.* Officers administered several field sobriety tests, and the defendant's performance on the tests was "in dispute." *Id.* at 531. The court held "that performance on field sobriety tests is but one of the many factors officers should consider when deciding whether to arrest a motorist for DUI or similar offenses without a warrant." *Id.* at 534. The court proceeded to "examine the facts surrounding [the defendant's] arrest to determine whether they provided [the officer] probable cause to arrest him for DUI, notwithstanding his successful performance on the field sobriety tests." *Id.* at 535. The court concluded that the fact that the defendant "was driving on the wrong side of a divided highway late at night, that he smelled of alcohol, and that he admitted having imbibed 'more than [he] should have'" clearly supported "a finding of probable cause for DUI." *Id.* (alteration in original). The court further concluded that even if the defendant successfully performed the field sobriety tests, this performance did not sufficiently undermine the other evidence of intoxication "so as to defeat a finding of probable cause for DUI." *Id.* (footnote omitted).

The defendant attempts to distinguish *Bell* by arguing that his traffic violation was not as egregious as the one in *Bell*, that he admitted consuming less alcohol than the

5

defendant in *Bell*, and that he did not exhibit any signs of impairment. However, as our supreme court recognized, "a motorist 'need not exhibit every known sign of intoxication in order to support a determination of probable cause.'" *Bell*, 429 S.W.3d at 535 (quoting *State v. Grohoski*, 390 N.W.2d 348, 351 (Minn. Ct. App. 1986)). The record indicates that Officer Cohen observed the defendant traveling 46 miles per hour in a 35 miles per hour speed zone. When Officer Cohen stopped the defendant, he smelled the odor of an alcoholic beverage coming from the vehicle, and the defendant had bloodshot and watery eyes. Officer Cohen asked the defendant if he had consumed any alcohol, and the defendant replied that he had consumed three beers. At this point, Officer Cohen had probable cause to believe that the defendant had committed the offense of driving under the influence, even if the defendant performed all field sobriety tests successfully. *Bell*, 429 S.W.3d at 535-36; *see State v. Marvin Roscoe*, No. W2013-01714-CCA-R9-CD, 2014 WL 3511041, at *4 (Tenn. Crim. App. July 11, 2014) (concluding that there was probable cause for a DUI arrest when the defendant ran a stop sign, he and his vehicle gave off a strong odor of alcohol, and he admitted having consumed three or four beers). Having considered the totality of the circumstances, we conclude that Officer Cohen had probable cause to arrest the defendant without a warrant for operating a motor vehicle while under the influence of an intoxicant.

## CONCLUSION

Based upon the foregoing, we conclude that the evidence preponderates against the findings of the trial court, and we reverse the judgment of the trial court granting the defendant's motion to suppress. We reinstate the charges against the defendant and remand for further proceedings consistent with this opinion.

_____
JOHN EVERETT WILLIAMS, JUDGE